UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERRY L. WHEELER,

        Petitioner,

v.                                     Case No. 13-cv-1163-pp

BRIAN FOSTER[1],

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR CLARIFICATION THAT THE STAY PROCEEDINGS HAVE BEEN LIFTED FOR FINAL DECISION IN THE CASE AT BAR (DKT. NO. 48)**

---

Five and a half years ago, the petitioner filed this petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. At that time, William J. Pollard was the warden of Waupun Correctional Institution, where the plaintiff is incarcerated; Pollard answered the petition on December 11, 2013. Dkt. No. 13. The petitioner filed his brief in support of the petition on February 7, 2014, dkt. no. 17, and the respondent filed his brief on March 24, 2014, dkt. no. 18. Less than a month after briefing concluded, however, the petitioner filed a motion asking the court to stay the case. Dkt. No. 19. The petitioner believed that he needed to go back to state court to exhaust remedies on certain claims. Id. at 2-3. On September 3, 2014, Chief Judge William C. Griesbach, to whom

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Court requires that the respondent in a federal *habeas* petition be the state officer who has custody of the petitioner. Because Brian Foster is now the warden at Waupun, the court has substituted his name for that of William J. Pollard as respondent. The court asks that the clerk's office correct the docket accordingly.

1

the case was assigned at the time, granted the petitioner's motion, but required that by October 6, 2014, the petitioner provide proof that he had filed the necessary pleadings in state court. Dkt. No. 31.

Judge Pepper joined the district court in early December, 2014, and the other judges divided their case loads and shared their cases with her. On December 29, 2014, the petitioner's case was reassigned from Judge Griesbach to Judge Pepper. On May 8, 2015, Judge Pepper ordered that by June 30, 2015, the petitioner should file a status report, letting the court know how his case was going in state court. Dkt. No. 34. The petitioner filed the status report on June 16, 2015; he notified the court that the prison had denied his request for a legal loan, and that this was hampering his ability to seek review from the Wisconsin Supreme Court. Dkt. No. 37 at 18. Judge Pepper ordered him to file another status report by August 31, 2015. Dkt. No. 39 at 10. The petitioner filed timely filed the status report, informing this court that the Wisconsin Supreme Court had denied his petition for review as untimely. Dkt. No. 42. He did not, however, ask the court to lift the stay.

On November 20, 2015, the respondent filed a letter addressed to the Clerk of Court. Dkt. No. 44. The letter indicated that the respondent felt that the appropriate next step would be for the court to decide the petition on the briefs. Id. Two weeks later, the clerk's office received a letter from the petitioner, addressed to the Clerk of Court. Dkt. No. 45. The five-page letter disagreed with the respondent's statement in his November 20, 2015 letter that

the petitioner had "procedurally defaulted" on the claims he'd gone back to state court to address. Id.

On April 19, 2018, the court received a motion from the petitioner, asking the court to issue a final decision on the merits of the petition. Dkt. No. 47. He pointed out that it had been almost three years and he'd not received a ruling. Id. Still, however, he did not ask the court to lift the stay.

On June 27, 2018, the court received the current motion from the petitioner. Dkt. No. 48. He asked the court to clarify that "the stay proceeding have been lifted for a final decision in this case." Id. He stated that if for any reason the stay had not been lifted, he asked the court to lift it and to issue a final decision. Id.

The petitioner's case has been delayed for many reasons. One of those reasons was the petitioner's own request that the court stay the federal proceedings so that he could return to state court. He made that request on April 18, 2014, did not get a decision from the Wisconsin Supreme Court until July 20, 2015, and did not notify this court that the state proceedings were over until August 10, 2015. Another reason is that until the current motion, the petitioner never has asked the court to lift the stay. Granted, the court should have realized when it received his August 10, 2015 status report that there was no reason to stay proceedings any further. But it did not. And because the respondent sent a letter to the *Clerk of Court*, stating the opinion that the case could proceed, and the petitioner responded to that letter by filing his own letter to the Clerk of Court, the *judge*—Judge Pepper—missed the fact

3

that the respondent was asking the court to do something. The final reason that the petitioner's case has been delayed is due to the court's heavy caseload.

The court will grant the petitioner's request to clarify, will clarify that the stay had *not* previously been lifted and will grant the petitioner's request to lift the stay. The court understands that the petitioner and the respondent have been waiting a long time, and the court regrets that. The court will try to issue an order on the merits of the petitioner's claim as soon as it can.

The court **GRANTS** the petitioner's motion for clarification. Dkt. No. 48.

The court **ORDERS** that the stay imposed by Judge Griesbach on September 3, 2014 is **LIFTED**. The court will issue a separate order on the merits of the petition.

Dated in Milwaukee, Wisconsin this 26th day of March, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**